UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>JOSE ALFREDO ARREDONDO,<br><br>                Defendant. | NO. 1:12-cr-2084-SAB<br><br>**ORDER DIRECTING RESPONSE** |

Before the Court is Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015) and the Government's Motion to Vacate, ECF No. 67.

### RULE 4 ANALYSIS

Under 28 U.S.C. § 2255, a court may grant relief to a federal prisoner who moves to vacate, set aside or correct his or sentence on any of the following rounds: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A petitioner must allege specific facts that, if true, would entitle the petitioner to relief. *See United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (*citing United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996)).

According to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Court ("Rule 4") the Court must promptly examine a

Section 2255 motion to determine whether summary dismissal is warranted. If the movant's "allegations, viewed against the record, either fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal," dismissal is warranted. *See Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985); *see also United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003). However, if the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government to "filed an answer, motion, or other response within a fixed time, or take other action the judge may order."

Here, because it does not plainly appear from the face of the motion that the movant is not entitled to relief, it is appropriate to order the government to file a response. In anticipation to the Court ordering service, the Government filed a Motion to Vacate Hearing, ECF No. 67. The Government asks the Court to relieve it of its duty to respond and instead hold the proceedings in abeyance to permit the Ninth Circuit to rule on whether *Johnson* has any retroactive effect on the U.S. Sentencing Guidelines.

The Court finds that the interest of justice will be met by requiring the Government to respond to the merits of Defendant's motion. The Government is granted leave to renew its request to stay the proceedings at the June 15, 2016 hearing.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Government's Motion to Vacate and Hold Petitioner's Motion in Abeyance, ECF No. 67, is **DENIED**, with leave to renew.

2. On or before **June 3, 2016**, the Government shall file its response to Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.

3. On or before **June 10, 2016**, Defendant shall file his reply.

///
///

**ORDER DIRECTING RESPONSE** ~ 2

1  The District Court Executive is hereby directed to enter this Order and
2 furnish copies to counsel.
3  **DATED** this 26th day of May 2016.



Stanley A. Bastian
United States District Judge

**ORDER DIRECTING RESPONSE** ~ 3