UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>    v.<br><br>JOSE ALFREDO ARREDONDO,<br><br>                   Defendant. | NO.  2:12-cr-2084-SAB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO VACATE** |

Before the Court is Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015), ECF No. 66. A hearing on the motion was held on June 14, 2016. Defendant was represented by Alison Guernsey. The United States was represented by Thomas Hanlon.

## BACKGROUND

Defendant plead guilty pursuant to a 11(c)(1)(c) plea agreement, which recommended a sentence of 55 months imprisonment. He waived his right to appeal his conviction and sentence as long as the sentence was not greater than 55 months.

He was sentenced to 55 months imprisonment on October 18, 2013. The Court determined that the BOL was 20, due to his prior felony crime of violence for Attempting to Elude a Pursuing Police Vehicle, with a  TOL of 17, after a three point reduction for acceptance of responsibility. Because Defendant had a criminal history of VI, the range was 51-63 months. Defendant's BOL was increased by 6

**ORDER GRANTING DEFENDANT'S MOTION TO VACATE ~ 1**

points through application of USSG 4B1.2(a)(2), which defines a crime of violence to be a state or federal offense punishable by imprisonment for a term exceeding one year, *that otherwise involves conduct that presents a serious potential risk of physical injury to another*. Section 4B1.2(a)(2) is commonly referred to as the "residual clause."

**MOTION STANDARD**

Under 28 U.S.C. § 2255, a court may grant relief to a federal prisoner who moves to vacate, set aside or correct his sentence on any of the following grounds: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

The harmless error review standard applies to § 2255 motions. *United States v. Montalvo*, 331 F.3d 1052, 1057 (9th Cir. 2003) (holding that *Brecht's* harmless error standard applies to habeas cases under section 2255). Under *Brecht*, a constitutional error does not require reversal of conviction unless the petitioner can show that the error was of such magnitude as to have a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

A party seeking relief under § 2255 must file his or her motion within the one-year statute of limitations set forth in § 2255(f). For purposes of this case, the limitations period runs one year from when the right asserted is initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

**WAIVER**

The Government asks the Court to enforce the waiver of the right to file a § 2255 motion that is contained in the plea agreement.

**ORDER GRANTING DEFENDANT'S MOTION TO VACATE ~ 2**

The Ninth Circuit has held that an appeal waiver will not apply if: 1) a defendant's guilty plea failed to comply with Fed. R. Cr.P. 11; 2) the sentencing judge informs a defendant that he retains the right to appeal; 3) the sentence does not comport with the terms of the plea agreement; or 4) the sentence violates the law. *United States v. Bibler*, 495 F.3d 621, 632 (9th Cir. 2007) (collecting cases).

As set forth below, because Defendant's sentence violates the law, the waiver is not enforceable.

Also, the Court questions but does not decide whether, in the context of a change of plea hearing, a defendant can ever knowingly and intelligently waive his right to file an appeal or to file a § 2255 motion. The Court agrees with Judge Paul Friedman, when he noted in his dissenting opinion:

> Sentencing, however, does not occur contemporaneously with the plea and waiver. It is a future event, and the mistakes from which one might have reason to appeal have not yet occurred at the time a defendant waives the right to appeal or collaterally attack the plea or sentencing proceedings. A defendant cannot know what he or she has given up by waiving the right to appeal until after the judge and counsel have reviewed a yet-to-be prepared presentence investigation report, after the judge has considered other information not known to the defendant at the time of the plea and after the judge has actually imposed sentence. By then it is too late, no matter how disproportionate the sentence or how egregious the procedural or substantive error committed by the sentencing judge or the defendant's own counsel. It is hard to see how a defendant at the plea hearing can ever knowingly or intelligently—that is, with "a full awareness of both the nature of the rights being abandoned and the consequences of the decision to abandon it"—waive the right to appeal or collaterally attack a sentence that has not yet been imposed. Such perspective waivers in anticipation of unknown further events are inherently unknowing and unintelligent.

*United States v. Medina-Carrasco*, 815 F.3d 457, 464 (9th Cir. 2016) (J. Friedman, dissenting).

///

///

**ORDER GRANTING DEFENDANT'S MOTION TO VACATE ~ 3**

ANALYSIS

In *Johnson v. United States*, the Supreme Court held the residual clause of the Armed Career Criminal Act was void for vagueness. __ U.S. __, 135 S.Ct. 2551, 2557 (2015). Recently, the Supreme Court held that its decision in *Johnson* announced a new substantive rule that applied retroactively on collateral review. *Welch v. United States*, __ U.S. __, 136 S.Ct. 1257, 1265 (2016).

However, the Supreme Court left open the question whether a similar provision in the Guidelines was also unconstitutional for the same reason. The Ninth Circuit has never found a provision of the Guidelines to be unconstitutional.

In the case at bar, the Government concedes that *Johnson's* invalidation of the ACCA residual clause likewise invalidates the identically worded residual clause guideline, with the effect that USSG 4B1.2(a)(2) can no longer be applied in sentencing proceedings and in cases pending on direct review as of the date *Johnson* was decided. However, the Government objects to the pending motion to vacate and argues that the *Johnson* rule is procedural, not substantive, and therefore not retroactive to a collateral challenge to the guidelines under the *Teague v. Lane*, 489 U.S. 288, 310 (1989).

This same stipulation and similar arguments were made by the Government in *United States v. Dean*, 2016 WL 1060229 (D. Oregon Mar. 2016). In *Dean*, the district court considered very similar arguments made here and concluded that *Johnson* applies retroactively because it is a new substantive rule and thus the *Teague* bar does not apply. While the *Dean* case is not controlling on this Court, it is persuasive.

Similarly, in this case, the *Johnson* rule is a new substantive rule and thus the *Teague* bar does not apply. As such, Defendant's Motion to Vacate is granted and a resentencing hearing will be set.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Vacate in Light of *Johnson v. United States*,

**ORDER GRANTING DEFENDANT'S MOTION TO VACATE ~ 4**

135 S.Ct. 2551 (2015), ECF No. 66, is **GRANTED**.

2.    Counsel for the United States is directed to work closely with the U.S. Marshals Service to make Defendant available for a resentencing hearing forthwith, and shall notify the Court as soon as it can determine when Defendant will be available for the resentencing hearing.

3.    Defendant's Motion for Permission to File Over-Length Brief, ECF No. 73, is **GRANTED**.

4.    Defendant's Motion to Expedite, ECF No. 74, is **GRANTED**.

**DATED** this 20th day of June 2016.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION TO VACATE ~ 5**